**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

FOOD DEPOT, LLC,                                )
                                                )
     Plaintiff,                       )
                                                )
v.                                              )
                                                )         CASE NO.: 0:25-cv-62105
                                                )
COVINGTON SPECIALTY INSURANCE  )
COMPANY,                                         )
                                                )
     Defendant.                       )
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant Covington Specialty Insurance Company ("Covington"), by and through the undersigned counsel, hereby file this responsive pleading and state as follows:

### PARTIES, JURISDICTION AND VENUE

1. Admitted for jurisdictional purposes that Plaintiff is a Florida limited liability company, where its members are citizens of Florida.

2. Admitted for jurisdictional purposes that Covington is incorporated under the laws of New Hampshire with its principal place of business in Georgia.

3. Admitted for purposes of jurisdiction that the parties are of diverse citizenship and Plaintiff alleges the amount in controversy exceeds $75,000.00; otherwise, denied.

4. Admitted.

### GENERAL ALLEGATIONS

5. Admitted that Covington issued a commercial policy, identified by Policy No. VBP00126100, to Plaintiff, which provided coverage for Plaintiff's Business Personal Property

located at 2581 North Hiatus Road, Hollywood, FL 33026; during the period of March 28, 2024, to March 28, 2025 (the "Policy"), and that Plaintiff has attached a copy of the Policy to the Complaint, which speaks for itself; otherwise, denied.

6.      Admitted that on July 3, 2024, Plaintiff reported a water loss to Covington purported as having occurred on July 1, 2024, and that Covington assigned Claim No. 7030198062 to its investigation of the loss.  As explained more fully below, Plaintiff has not "materially" complied with all post-loss duties; otherwise, denied.

7.      Admitted that Covington issued an initial coverage position based upon information made available by Plaintiff. Covington subsequently re-opened the claim investigation, thereafter Plaintiff agreed to provide information requested Covington, to participate in an examination under oath, and to make the Property available for inspection. Plaintiff failed to comply with Covington's requests.  Plaintiff filed suit, despite Covington's pending requests for an inspection of the Property, for documentation related to Plaintiff's repairs, and Covington's request for the continuation of Plaintiff's examination under oath. Plaintiff's failure to cooperate and to comply with its post-loss duties prevented Covington from completing its investigation of the re-opened claim; otherwise, denied.

8.      Admitted that Plaintiff filed a Notice of Intent to Initiate Litigation on August 29, 2024, and that the notice speaks for itself; all other allegations are denied.

9.      Denied. More specifically, Covington denies that either of the Notices of Intent to Initiate Litigation filed on August 29, 2024, and September 5, 2024, satisfied the statutory scheme of §627.70152, which is a condition precedent to recovery and Plaintiff's right to file suit. Noncompliance bars recovery and mandates dismissal.

Additionally, Plaintiff has failed to comply with several contractual conditions precedent

within the Policy. Plaintiff has failed to cooperate with Covington's investigation of the claim by denying Covington access to the HVAC system Plaintiff contends caused the losses, refusing to provide various records supporting the cause and scope of Plaintiff's reported damages, and refusing to participate in an Examination Under Oath after the production of pertinent documentation. Covington has not waived or otherwise excused the performance of any conditions precedent to this action. To the contrary, Covington has repeatedly requested the cooperation of the Plaintiff and compliance with the Policy's terms and conditions. Plaintiff assured Covington of its intent to comply and cooperate with its requests for an inspection and to provide documents Plaintiff identified during its examination. Without justification or explanation, Plaintiff subsequently refused to cooperate and instead filed suit.

## COUNT I
## BREACH OF CONTRACT

10. This paragraph incorporates prior allegations. Covington hereby re-incorporates its responses allegations 1 through 9 of the Complaint.

11. Covington admits the Policy was in force at the time of the reported loss; otherwise denied.

12. Denied.

13. Denied.

## PRAYER FOR RELIEF

14. Covington admits that Plaintiff seeks the requested relief but denies that Plaintiff is entitled to the same.

## JURY DEMAND

15. Covington admits that Plaintiff asserts a trial by jury.

## AFFIRMATIVE DEFENSES

Covington specifically denies, as pled more fully herein, that Plaintiff has complied with conditions precedent to bringing this suit and/or to seeking recovery under the Policy. The pleading of any allegation of defense below otherwise suited for a denial or specific denial of Plaintiff's allegations is not intended to shift the burden of proof imposed upon Plaintiff to prove its case in chief, including compliance with any conditions precedent, whether contractual or statutory.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff should be estopped from bringing this suit until it has complied with the Policy's post-loss obligations and all conditions precedent to bringing this action. Plaintiff repeatedly assured Covington that it would provide various documents and information, allow for inspection of the HVAC unit reportedly at the heart of the claim, provide authorization for Covington to obtain records from third-party vendors pertinent to the claim, and participate in a continued examination under oath. The cooperation of Plaintiff is pertinent to Covington's investigation of the claim. Plaintiff's refusal to cooperate has prejudiced Covington's investigation and adjustment of the claim, and its ability to properly exercise the statutory remedies available to it under section 627.70152. The suit is therefore premature as it represents a race to the courthouse while the claim investigation is ongoing and directly hindered by the actions and inaction of Plaintiff.

## SECOND AFFIRMATIVE DEFENSE

This lawsuit is premature as Plaintiff raced to the courthouse while the claim investigation was ongoing, and without fully complying with Covington's requests for post-loss compliance. Plaintiff has waived its ability to rely upon its initial pre-suit notices under section 627.70152, by way of Plaintiff's re-affirmance of its contractual duties to cooperate with

4

Covington's investigation of the claim and repeated representations of its specific intent to comply with Covington's requests for information, inspection, and examination.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's recovery is limited by the following provision. The Policy provides:

### BUILDING AND PERSONAL PROPERTY COVERAGE FORM

\*\*\*

**E. Loss Conditions**

\*\*\*

**3. Duties In The Event Of Loss Or Damage**

  **a.** You must see that the following are done in the event of loss or damage to Covered Property:

\*\*\*

  **(7)** Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.

\*\*\*

Plaintiff submitted an unsolicited sworn proof of loss. The document was not on a form provided by Covington, nor was the document contemporaneously or subsequently accompanied by information requested by Covington. As of the filing of this suit, Covington's investigation remained ongoing as several requests for documents and information supporting the reported valuation of the claim presented in the proof of loss remained pending. Certain requests for information supporting the claim's valuation have remained pending despite repeated requests from Covington for approximately 14 months. Covington denies that Plaintiff has complied with the foregoing provision, thereby serving as a breach of Plaintiff's duties and obligations under the Policy that not only renders premature but also precludes coverage.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's recovery is limited by the following provision. The Policy provides:

### COMMON POLICY CONDITIONS

5

***

**C. Examination Of Your Books And Records**

    We may examine and audit your books and records as they relate to this policy at any time during the policy period and up to three years afterward.

***

**BUILDING AND PERSONAL PROPERTY COVERAGE FORM**

***

**E. Loss Conditions**

***

    **3. Duties In The Event Of Loss Or Damage**

        **a.** You must see that the following are done in the event of loss or damage to Covered Property:

***

        **(6)** As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.

        Also, permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

***

The reported loss and Covington's requests for documentation and information fell within three years of the policy period. Plaintiff's failure to produce its books and records for inspection is a material breach of the Policy's conditions. These records included, but are not limited to, those pertaining to the pre-loss installation and maintenance of the HVAC unit and post-loss diagnosis and repair of the same. Convington denies that Plaintiff has made the HVAC unit, which is central to Plaintiff's claim, available for inspection, including components of the unit that reportedly malfunctioned.

Plaintiff has failed to comply these conditions of the Policy. Plaintiff's conduct not only renders this suit premature but also preclude coverage, as Plaintiff has prejudiced Covington's investigation and adjustment of the claim.

**FIFTH AFFIRMATIVE DEFENSE**

The subject policy provides coverage to Plaintiff for Business Personal Property as

6

follows:

## BUILDING AND PERSONAL PROPERTY COVERAGE FORM
*** 

**A. Coverage**

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

**1. Covered Property**
*** 

**b. Your Business Personal Property** consists of the following property located in or on the building or structure described in the Declarations or in the open (or in a vehicle) within 100 feet of the building or structure or within 100 feet of the premises described in the Declarations, whichever distance is greater:

**(1)** Furniture and fixtures;

**(2)** Machinery and equipment;

**(3)** "Stock";

**(4)** All other personal property owned by you and used in your business;
*** 

**(6)** Your use interest as tenant in improvements and betterments. Improvements and betterments are fixtures, alterations, installations or additions:

**(a)** Made a part of the building or structure you occupy but do not own; and

**(b)** You acquired or made at your expense but cannot legally remove;
*** 

The Policy, however, separately defines certain property as covered property under coverage for Building:

## BUILDING AND PERSONAL PROPERTY COVERAGE FORM
*** 

**A. Coverage**

We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss.

**2. Covered Property**
*** 

7

     **a.** **Building,** meaning the building or structure described in the Declarations, including:

***

     **(2)** Fixtures, including outdoor fixtures;

***

     **(4)** Personal property owned by you that is used to maintain or service the building or structure or its premises, including:

     **(a)** Fire-extinguishing equipment;

     **(b)** Outdoor furniture;

     **(c)** Floor coverings; and

     **(d)** Appliances used for refrigerating, ventilating, cooking, dishwashing or laundering;

***

Plaintiff's allegations are unclear as to the exact nature of damage or losses for which it seeks recovery. It is the burden of Plaintiff to establish a loss to covered property. The Policy only affords coverage for Business Personal Property and Spoilage. To the extent that Plaintiff seeks to recover for damage to property categorized under the Building definition of Covered Property, Plaintiff may not recover for such damage.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's recovery is limited by the following provision. The Policy provides:

### BUILDING AND PERSONAL PROPERTY COVERAGE FORM

***

**E.  Loss Conditions**

***

  **3.  Duties In The Event Of Loss Or Damage**

     **a.** You must see that the following are done in the event of loss or damage to Covered Property:

***

     **(8)** Cooperate with us in the investigation or settlement of the claim.

***

During Covington's investigation of the claim, Plaintiff represented that it did not possess various records. During the examination under oath, it became evident that not all requested records had been produced. Prior to, during, and following the examination, Plaintiff represented

8

to Covington that it would execute an authorization allowing Covington to seek records form vendors related to the claim. Plaintiff never provided the authorization or provided the documentation responsive to Convington's pending requests for information. Plaintiff failed to cooperate with the investigation of the claim. Plaintiff has failed to satisfy a condition precedent to both this suit and recovery under the Policy. Plaintiff's conduct prejudiced Convington's investigation.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery is limited by the following provision. The Policy provides:

## BUILDING AND PERSONAL PROPERTY COVERAGE FORM
***

**E.  Loss Conditions**
***

**3.  Duties In The Event Of Loss Or Damage**
***

**b.**  We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.
***

Covington requested Plaintiff participate in an examination under oath.  During the examination, Plaintiff was unable to answer questions related to its property, the loss, the repairs, or the documents produced.  Covington suspended the examination to reconvene on future mutually agreeable date so Plaintiff could prepare.  Despite Covington's requests and Plaintiff's agreement to continue the examination, Plaintiff filed suit.

Plaintiff has failed to satisfy this condition precedent to suit and recovery under the Policy, as its conduct has prejudiced Convington's investigation.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's recovery is limited by the following provision. The Policy provides:

9

**BUILDING AND PERSONAL PROPERTY COVERAGE FORM**

\*\*\*

**E. Loss Conditions**

\*\*\*

**4. Loss Payment**

**a.** In the event of loss or damage covered by this Coverage Form, at our option, we will either:

**(1)** Pay the value of lost or damaged property;

**(2)** Pay the cost of repairing or replacing the lost or damaged property, subject to **b.** below;

\*\*\*

We will determine the value of lost or damaged property, or the cost of its repair or replacement, in accordance with the applicable terms of the Valuation Condition in this Coverage Form or any applicable provision which amends or supersedes the Valuation Condition.

**d.** We will not pay you more than your financial interest in the Covered Property.

\*\*\*

**7. Valuation**

We will determine the value of Covered Property in the event of loss or damage as follows:

\*\*\*

**e.** Tenants' Improvements and Betterments at:

\*\*\*

**(2)** A proportion of your original cost if you do not make repairs promptly. We will determine the proportionate value as follows:

**(a)** Multiply the original cost by the number of days from the loss or damage to the expiration of the lease; and

**(b)** Divide the amount determined in **(a)** above by the number of days from the installation of improvements to the expiration of the lease.

If your lease contains a renewal option, the expiration of the renewal option period will replace the expiration of the lease in this procedure.

**(3)** Nothing if others pay for repairs or replacement.

\*\*\*

**G. Optional Coverages**

\*\*\*

**3. Replacement Cost**

**a.** Replacement Cost (without deduction for depreciation) replaces

Actual Cash Value in the Valuation Loss Condition of this Coverage Form.

***

    **d.**  We will not pay on a replacement cost basis for any loss or damage:

        **(1)** Until the lost or damaged property is actually repaired or replaced; and

        **(2)** Unless the repair or replacement is made as soon as reasonably possible after the loss or damage.

        With respect to tenants' improvements and betterments, the following also apply:

        **(3)** If the conditions in **d.(1)** and **d.(2)** above are not met, the value of tenants' improvements and betterments will be determined as a proportion of your original cost, as set forth in the Valuation Loss Condition of this Coverage Form; and

        **(4)** We will not pay for loss or damage to tenants' improvements and betterments if others pay for repairs or replacement.

    **e.**  We will not pay more for loss or damage on a replacement cost basis than the least of **(1), (2)** or **(3),** subject to **f.** below:

        **(1)** The Limit of Insurance applicable to the lost or damaged property;

        **(2)** The cost to replace the lost or damaged property with other property:

            **(a)** Of comparable material and quality; and

            **(b)** Used for the same purpose; or

        **(3)** The amount actually spent that is necessary to repair or replace the lost or damaged property.

***

Plaintiff's allegations concerning damages and losses for which it seeks recovery are non-specific. The Policy provides that covered property shall be valued according to the foregoing language. To the extent that Plaintiff has failed to perform necessary repairs, Plaintiff has failed to establish entitlement to recovery under the Policy. To the extent that Plaintiff has performed the requisite repairs of covered property, Covington's liability to Plaintiff for a covered loss is limited to the amount actually spent by Plaintiff for repair or replacement of property of like kind and quality, subject to the limitations concerning tenants' betterments and improvements.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's recovery is limited by the following provision. The Policy provides:

11

**CAUSES OF LOSS – SPECIAL FORM**

\*\*\*

**A.  Covered Causes Of Loss**

When Special is shown in the Declarations, Covered Causes of Loss means direct physical loss unless the loss is excluded or limited in this policy.

**B.  Exclusions**

  **2.**  We will not pay for loss or damage caused by or resulting from any of the following:

\*\*\*

  **d.  (1)**  Wear and tear;

  **(2)**  Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;

\*\*\*

  **(6)**  Mechanical breakdown, including rupture or bursting caused by centrifugal force. But if mechanical breakdown results in elevator collision, we will pay for the loss or damage caused by that elevator collision.

\*\*\*

To the extent Plaintiff's reported damage and losses were caused by or resulting from any of the aforementioned causes, the Policy does not provide coverage, and Plaintiff may not recover from Covington for the same.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's recovery is limited by the following provision. The Policy provides:

**CAUSES OF LOSS – SPECIAL FORM**

\*\*\*

**B.  Exclusions**

\*\*\*

  **2.**  We will not pay for loss or damage caused by or resulting from any of the following:

\*\*\*

  **d.  (7)**  The following causes of loss to personal property:

  **(a)**  Dampness or dryness of atmosphere;

  **(b)**  Changes in or extremes of temperature; or

\*\*\*

Plaintiff reported that the HVAC unit failed, resulting in changes in the temperature

12

and/or humidity levels within the interior of the property sufficient damage its Business Personal Property. However, loss or damage caused by or resulting from such conditions are excluded under the Policy. Accordingly, Plaintiff may not recover from Covington for such loss or damage.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's allegations of damage and loss for which it seeks recovery are unclear. During Covington's investigation of the claim, Plaintiff presented a replacement cost valuation in excess of $900,000.00. Upon information and belief, the valuation presented by the Plaintiff included estimated costs for matching damaged and undamaged property, intentional destruction of undamaged property and/or other costs that may or may not be expended by Plaintiff during the replacement or repair of covered property. Such expenditures are not direct physical loss for which the Policy affords coverage, and Plaintiff's may not recover the same from Covington under the Policy or in this suit.

### TWELFTH AFFIRMATIVE DEFENSE

The Policy provides as follows:

### COMMERCIAL PROPERTY CONDITIONS
***

**D. LEGAL ACTION AGAINST US**
   No one may bring a legal action against us under this Coverage Part unless:
   1. There has been full compliance with all of the terms of this Coverage Part;
***

### FLORIDA CHANGES
This endorsement modifies insurance provided under the following:
COMMERCIAL PROPERTY COVERAGE PART
A. When this endorsement is attached to Standard Property Policy CP 00 99, the term Coverage Part in this endorsement is replaced by the term Policy.
***
D. The Loss Payment Condition dealing with the number of days within which we must pay for covered loss or damage is replaced by the following:

13

Provided you have complied with all the terms of this Coverage Part, we will pay for covered loss or damage upon the earliest of the following:

(1) Within 20 days after we receive the sworn proof of loss and reach written agreement with you;

***

As more fully pled elsewhere herein, Covington denies that Plaintiff has complied with all conditions and terms under the Policy, which serve as conditions precedent to both payment and/or suit under the Policy as set forth above. Accordingly, this action should be dismissed, and Plaintiff cannot recover from Covington in this action.

## JURY DEMAND

Covington hereby demands a trial by jury of all issues so triable.

**WHEREFORE**, Defendant Covington Specialty Insurance Company hereby seeks judgment in its favor finding that Plaintiff Food Depot, LLC has not suffered a covered loss, has failed to present a measure of recoverable damages, has failed to comply with conditions precedent to bringing this suit, has failed to comply with conditions precedent under the Policy and/or has materially breached the Policy and/or has prejudiced this defendant, and that said plaintiff shall take nothing from this defendant.

Dated November 17, 2025

Respectfully submitted,

BUTLER WEIHMULLER KATZ CRAIG LLP

/s/ Vincent  A. Fernandez
**WILLIAM R. LEWIS, ESQ**.
Florida Bar No.:  0879827
wlewis@butler.legal
**VINCENT A. FERNANDEZ, ESQ**.
Florida Bar No.:  1004601
vfernandez@butler.legal
**TRAVIS A. HARVEY, ESQ.**
Florida Bar No.:  0044117

14

tharvey@butler.legal
Secondary:     bmachado@butler.legal
                     mmartinez@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida 33602
Telephone:     (813) 281-1900
Facsimile:     (813) 281-0900
*Attorneys for Defendant, Covington Specialty Insurance Company*

## CERTIFICATE OF SERVICE

I certify that a copy hereof has been furnished to:

AMB LAW, LLC
**Alan M. Blose, Esq**.
515 E Las Olas Boulevard, Suite 120
Fort Lauderdale, Florida 33301
Phone: (954) 335-8118
Fax: (954) 335-8119
Email: ablose@amb-legal.com
*Attorneys For:  Plaintiff*

by CM/ECF on November 17, 2025.

/s/ Vincent A. Fernandez
**VINCENT A. FERNANDEZ, ESQ.**